IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY M. JOHNSON,
   Petitioner,
 vs.
ANTHONY KANE, Warden,
   Respondent.

No. C 06-06958 JW (PR)

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, a prisoner at the Correctional Training Facility, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2004 decision by the Board of Prison Terms ("the Board") finding petitioner unsuitable for parole.

**BACKGROUND**

In 1983, petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Los Angeles of murder, attempted robbery and burglary. Petitioner was sentenced to a term of 26 years to life in state prison.

After a parole suitability hearing in 2004, the Board found petitioner unsuitable for parole. Petitioner challenged the Board's decision by way of habeas

1 petitions filed in all three levels of the California courts, with the state high court
2 denying review on August 23, 2006. Petitioner filed the instant petition on
3 November 7, 2006.

**DISCUSSION**

A.   Standard of Review

This Court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. "[A] federal habeas court making the

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Johnson06958_denyHC-parole.wpd    2

'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409.

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28. U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28. U.S.C. § 2254(e)(1).

Where, as here, the highest state court to consider the petitioner's claims issued a summary opinion which does not explain the rationale of its decision, federal review under § 2254(d) is of the last state court opinion to reach the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000). In this case, the last state court opinion to address the merits of petitioner's claims is the opinion of the Los Angeles County Superior Court. (Resp. Ex. G (In re Larry Johnson, No. BH003720, Mar. 3, 2006).)

B. Claims and Analysis

Petitioner claims that the Board's denial of parole violated his Fourteenth Amendment right to due process by refusing to set a term for parole. (Pet. at 7-8.)

The Ninth Circuit has determined that a California prisoner with a sentence of a term of years to life with the possibility of parole has a protected liberty interest in release on parole and therefore a right to due process in the parole suitability proceedings. See McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002) (citing Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1 (1979)). See also Irons v. Carey, 505 F.3d 846, 851 (9th Cir.), reh'g and reh'g en banc denied, 506 F.3d 951 (9th Cir. 2007); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir. 2006), reh'g and reh'g en banc denied, No. 05-16455 (9th Cir. Feb. 13, 2007); Biggs v. Terhune,

334 F.3d 910, 915-16 (9th Cir. 2003). It matters not that, as is the case here, a parole release date has never been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate." Biggs v. Terhune, 334 F.3d 910, 914-16 (9th Cir. 2003) (finding initial refusal to set parole date for prisoner with 15- to- life sentence implicated prisoner's liberty interest).[1]

A parole board's decision must be supported by "some evidence" to satisfy the requirements of due process. Sass, 461 F.3d at 1128-29 (adopting "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)). The standard of "some evidence" is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. See Hill, 472 U.S. at 455. An examination of the entire record is not required, nor is an independent assessment of the credibility of witnesses nor weighing of the evidence. Id. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the Board. See id. The court "cannot reweigh the evidence;" it only looks "to see if 'some evidence' supports the BPT's decision." Powell v. Gomez, 33 F.3d 39, 42 (9th Cir. 1994).

Due process also requires that the evidence underlying the parole board's decision have some indicia of reliability. Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904; Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987). Relevant in this inquiry is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board. See Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir. 1987). In sum, "if the Board's determination of

---

[1] The Supreme Court of California's opinion in In re Dannenberg, 34 Cal. 4th 1061 (2005), does not compel a different conclusion. Dannenberg supports, rather than rejects, the existence of a constitutional liberty interest in parole in California. Accord Machado v. Kane, No. C 05-1632 WHA (PR), 2006 WL 449146, at **2-4 (N.D. Cal. Feb. 22, 2006) (rejecting argument that Dannenberg construed section 3041 as no longer creating an expectancy of release).

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Johnson06958_denyHC-parole.wpd     4

parole suitability is to satisfy due process there must be some evidence, with some indicia of reliability, to support the decision." Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005) (citing McQuillion, 306 F.3d at 904).

Recently, the Ninth Circuit reheard en banc the panel decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir.), reh'g en banc granted, 527 F.3d 797 (9th. Cir. 2008), which presented a state prisoner's due process habeas challenge to the denial of parole. The panel had concluded that the gravity of the commitment offense had no predictive value regarding the petitioner's suitability for parole and held that because the Governor's reversal of parole was not supported by some evidence, it resulted in a due process violation. 512 F.3d at 546-47. The Ninth Circuit has not yet issued an en banc decision in Hayward. Since the en banc hearing on June 24, 2008, the Ninth Circuit has ordered briefing, inter alia, at to whether the order granting rehearing en banc should be vacated and submission of the matter deferred pending the California Supreme Court's decisions in In re Lawrence, No. S154018, and In re Shaputis, No. S155872, both of which cases were argued on June 4, 2008. Hayward v. Marshall, No. 06-55392, slip op. at 2 (9th Cir. July 10, 2008).

Unless or until the en banc court overrules the holdings in Biggs, Sass, and Irons, it is the law in this circuit that 1) California's parole scheme creates a federally protected liberty interest in parole and therefore a right to due process, and 2) that the right is satisfied if some evidence supports the Board's parole suitability decision. Sass, 461 F.3d at 1128-29. These cases also hold that the Board may rely on immutable events, such as the nature of the conviction offense and pre-conviction criminality, to find that a prisoner is not currently suitable for parole. Id. at 1129. Biggs and Irons further suggest, however, that over time, the commitment offense and pre-conviction behavior become less reliable predictors of danger to society such that repeated denial of parole based solely on immutable events, regardless of the extent of rehabilitation during incarceration, could violate due process at some point after the prisoner serves the minimum term on his sentence. See Irons, 505

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Johnson06958_denyHC-parole.wpd    5

F.3d at 853-54.

California Code of Regulations, title 15, section 2402(a) states that "[t]he panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code of Regs., tit. 15, § 2402(a). The regulations direct the panel to consider "all relevant, reliable information available." Cal. Code of Regs., tit. 15, § 2402(b). Further, the regulations enumerate various circumstances tending to indicate whether or not an inmate is suitable for parole, *e.g.*, the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime. See Cal. Code of Regs., tit. 15, § 2402(c)-(d).[2]

The record shows that on December 8, 2004, petitioner appeared with counsel before the Board for a parole consideration hearing. The presiding commissioner explained that in assessing whether petitioner was suitable for parole, the panel would consider factors such as petitioner's commitment offense, his background and social history, and his behavior during incarceration. (Resp't Ex. D at 5.) The commissioner also explained that petitioner would be given an opportunity to correct or clarify anything in his file, and that petitioner and his counsel would be given the opportunity to make final statements regarding petitioner's parole suitability. Finally, the commissioner confirmed with petitioner that he had no objections to the

---

[2] The circumstances tending to show an inmate's unsuitability are: (1) the commitment offense was committed in an "especially heinous, atrocious or cruel manner;" (2) previous record of violence; (3) unstable social history; (4) sadistic sexual offenses; (5) psychological factors such as a "lengthy history of severe mental problems related to the offense;" and (6) prison misconduct. Cal. Code of Regs., tit. 15, § 2402(c). The circumstances tending to show suitability are: (1) no juvenile record; (2) stable social history; (3) signs of remorse; (4) commitment offense was committed as a result of stress which built up over time; (5) Battered Woman Syndrome; (6) lack of criminal history; (7) age is such that it reduces the possibility of recidivism; (8) plans for future including development of marketable skills; and (9) institutional activities that indicate ability to function within the law. Cal. Code of Regs., tit. 15, § 2402(d).

Board members. (Id. at 6.)

After deliberations, the Board concluded that petitioner was "not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison." (Id. at 65.) Specifically, the Board found that the commitment offense was premeditated, showed a "callous disregard for the life and suffering of another" and was carried out in a "cruel manner." (Id. at 65-66.) The Board also found that the motive for the crime, *i.e.*, "to gain some money," was "trivial." (Id. at 66.) Petitioner planned the robbery with a partner whom he knew to be armed. (Id.) The robbery was unsuccessful and resulted in the murder of an unarmed man who was shot twice by petitioner's partner with a handgun. (Id.)

The Board next turned to the psychologist report, which the Board found to be "supportive" but "not helpful" because the Board questioned its objectivity and findings based on incorrect facts. (Id. at 67.) The Board found it necessary to order a new psychological evaluation prior to the next hearing. (Id.) Furthermore, the Board found that petitioner had not sufficiently participated in self-help programs, although he had been encouraged to do so since his last hearing. (Id.) In fact, petitioner had been dropped from Alcoholics Anonymous and Narcotics Anonymous due to absences. (Id.) The Board was concerned with the lack of programming for substance abuse because there was evidence in the record to show that petitioner had an unstable social history involving the use of marijuana and PCP. (Id.) The Board found that petitioner needed participation in self-help "not only to continue to delve into the causative factors for his participation in the life crime, but his level of responsibility in the life crime and really to deal with... the reality of what his life was and is." (Id. at 69.) The Board also noted that petitioner had "failed the attempt to correct his criminality" through probation in considering petitioner's prior criminal history which involved a conviction for concealed weapon and receiving stolen property. (Id. at 68.) Lastly, the Board considered petitioner's outdated parole plans and lack of employment offers. (Id. at 69.)

The Board commended petitioner for remaining relatively free of disciplinary actions, his educational and vocational achievements, past self-help achievements, and for his good work reports. (Id. at 73.) Nonetheless, the Board found that the positive aspects did not outweigh the factors for unsuitability, (id.), and that plaintiff continued "to be unpredictable and a potential threat to others." (id. at 69).

In its order denying habeas relief, the state superior court determined that "the record contains 'some evidence' to support the Board's finding that petitioner is unsuitable for parole." (Resp't Ex. G at 1.) The court made the following observations:

> The [Board] concluded that petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from parole. The [Board] based its decision on several factors, including the commitment offense as well as petitioner's limited programming and insufficient participation in beneficial self-help programs and therapy programs. Furthermore, the [Board] requested a new psychological evaluation, specifically noting that a thorough evaluation should be prepared for petitioner's next hearing date. The [Board] also cited petitioner's prior criminal history as a factor in their decision, noting that petitioner had a previous conviction for carrying a concealed weapon and receiving stolen property. Although the [Board] commended petitioner for the positive aspects of his behavior, they found that this positive behavior did not outweigh the factors of unsuitability.
>
> Denial of parole may be based solely upon the particular circumstances of the inmate's commitment offense. (Citations omitted.) In addition to the commitment offense, the record reflects that the [Board] relied on several additional factors in denying petitioner parole at this time, and there is some evidence to support that decision. (Citations omitted.)

(Id. at 2.)

As noted by the state superior court, the Board denied petitioner parole not solely because of the callous nature of his commitment offense but also on the basis of the other factors identified above which lead the Board to conclude that petitioner would pose an unreasonable risk of danger to society if released on parole. Moreover, in light of the present case law, the Board properly considered the nature of petitioner's commitment offense. See In re Rosenkrantz, 29 Cal. 4th 616, 682-83 ("the [Board] properly may weigh heavily the degree of violence used and the

amount of viciousness shown by a defendant"). Cal. Code of Reg., tit. 15, § 2402(a); see *supra* at 7. Accordingly, it appears that the Board's decision finding petitioner unsuitable for parole is supported by "some evidence," including the egregiousness of the crime, and the evidence underlying the Board's decision has some "indicia of reliability." Rosas v. Nielsen, 428 F.3d at 1232.

This Court concludes that petitioner's right to due process was not violated by the Board's decision to deny parole. The state courts' denial of petitioner's claims was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED on the merits.

DATED: September 29, 2009

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LARRY JOHNSON,

        Petitioner,

  v.

ANTHONY KANE, Warden,

        Respondent.
                                  /

Case Number: CV06-06958 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/2/2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry M. Johnson C77494
CSP Solano
P. O. Box 4000
Vacaville, Ca 95696-4000

Dated: 10/2/2009

                                        Richard W. Wieking, Clerk
                                        /s/ By: Elizabeth Garcia, Deputy Clerk